**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Charlottesville Division

_____
                                              :
BLAINE HARRINGTON,                            :
                                              :
        Plaintiff,                            :
                                              :
v.                                            :        Civil Action No.: 3:17-CV-00012
                                              :
COOL DESTINATIONS LLC,                        :
                                              :
        Defendant.                            :
                                              :
_____      :

DECLARATION OF DAVID C. DEAL

        I, DAVID C. DEAL state the following:

1.      I am over the age of eighteen (18) and otherwise competent to testify.

2.      I am the attorney for Plaintiff, Blaine Harrington ("Harrington") in the above-styled case.

3.      On June 8, 2016, I mailed a demand letter to Peter Downie, owner and registered agent of
        Defendant, identifying the present copyright infringement claim. [Exhibit 1].

4.      On June 8, 2016, I emailed a digital copy of the letter detailed in Paragraph 3 to the
        following email address: info@coolkeywest.com.

5.      On July 18, 2016, I mailed a follow up letter to Peter Downie, owner and registered agent
        of Defendant. [Exhibit 2].

6.      On August 9, 2016, I emailed a first follow up to the letter detailed in Paragraph 3 to the
        following email address: info@coolkeywest.com. [Exhibit 3].

7.      On October 30, 2016, I emailed a second follow up to the letter detailed in Paragraph 3 to

the following email address: info@coolkeywest.com. [Exhibit 4].

8.      On November 21, 2016, I emailed a third follow up to the letter detailed in Paragraph 3 to

the following email address: info@coolkeywest.com. [Exhibit 5].

9.      On February 13, 2017, I called the Customer Support telephone number listed on the

Defendant's website, 855-274-1023, to inform Defendant of the impending lawsuit

concerning the facts and circumstances that are the subject of the present case.

10.     As a result of the telephone call detailed in Paragraph 9 and in response to a request by

the individual with whom I spoke, I emailed the infringing URL to the following email

address: support@cooldestinations.com. [Exhibit 6].

11.     On February 13, 2017, I received an email from the following email address:

support@cooldestinations.com. [Exhibit 7].

12.     The email detailed in Paragraph 11 was the only correspondence of any kind my office

received from Defendant.

13.     As of the date of this Declaration, I have billed my client, Mr. Harrington, for a total of

twelve (12) hours at $200/hour, for a total of $2,400.00. My work included the following:

analyzing the merits of the case, preparing the demand letter and digital copy, drafting the

follow up emails, performing legal research, preparing and filing the Complaint, and

preparing and filing the Motion for Default.

14.     I incurred expenses of $475.00 while prosecuting the present case, including a $400.00

filing fee, and $75.00 service of process fee.

I swear of affirm the foregoing is true and correct under penalties of perjury.

DATED:  May 8, 2017

David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
Attorney for Plaintiff

## Exhibit 1

*The Law Office of*

# DAVID C. DEAL

*Criminal Defense, Civil Litigation, and Copyright*

P.O. Box No. 1042
CROZET, VIRGINIA 22932

TELEPHONE 434-233-2727
FAX 888-965-8083

DAVIDDEAL.com
DAVID@DAVIDDEAL.com

June 8, 2016

**VIA Priority Mail and Email**

Cool Destinations
Attn: Peter Downie
3301 NE 1st Avenue, H912
Miami, FL 33137
info@coolkeywest.com

**Re: Infringement of Photographic Copyright by Cool Destinations**

Dear Mr. Downie:

My firm represents Blaine Harrington, a professional photographer whose original copyrighted work has been infringed by Cool Destinations. I have attached a number of documents that offer evidence of such infringement. Exhibit A is a copy of Mr. Harrington's copyrighted photograph, "20110427_florida_5721.jpg." Exhibit B is a copy of Cool Destinations's public website featuring the photographs. Exhibit C is a copy of Mr. Harrington's copyright registration for "20110427_florida_5721.jpg." As evidenced by the exhibits, Cool Destinations's use of "20110427_florida_5721.jpg" clearly infringes our client's registered copyright.

Our client has a number of options, including the right to file suit against Cool Destinations for copyright infringement. Exhibit D is a copy of 17 U.S.C. §§504-5, which outline the damages for which an infringer is liable, including up to $150,000.00 in statutory damages (for willful infringement) or $30,000.00 (for non-willful infringement). An infringer is also liable for the costs of the suit itself, including attorney's fees, when the infringement concerns a registered work. Please keep in mind that damages for copyright infringement are designed to recover the economic loss of the misuse, as well as to prevent and deter infringement. I encourage you to share this letter with your legal counsel, who can confirm the details of the applicable federal law outlined above.

In straightforward copyright cases such as this, it is often advantageous for parties to settle without filing suit. This is especially true given the extremely high cost of litigating intellectual property cases. While my firm has experience litigating copyright infringement cases, we have found that both parties are often best served by negotiating a resolution. Accordingly, our client has authorized my firm to resolve this matter on the following conditions:

1. Cool Destinations remove the infringing work and any infringing derivatives thereof from the organization's website, and anywhere else the image has been used.

2. Cool Destinations agree not to infringe any of Mr. Harrington's work in the future, and

3. Cool Destinations tender $3,500.00 to the Law Office of David C. Deal's client trust account to compensate Mr. Harrington for the infringement. My firm's trust account information is: The Law Office of David C. Deal, P.L.C., Virginia National Bank, account number 1020939924, wire transfer routing number 051408868.

This offer and the directness in which it is presented is designed to minimize the organization's ultimate exposure in this matter. Moreover, because Cool Destinations is a national organization, requiring the use of photographs in print and digital media, the issue of copyright infringement will likely serve the long term interests of the organization.

The longer this matter continues, the more costly it will become to resolve without litigation. This is especially true if Cool Destinations attempts to avoid the responsibility of infringement and engages aggressive counsel. I assure you that such an approach will be met with substantive evidence and counsel, resulting in a higher cost to Cool Destinations. We welcome the opportunity to jointly draft an agreement with your attorneys that reflects a sound resolution to this matter.

Please carefully consider this letter and the associated exhibits. If we do not receive a response from you or a representative from Cool Destinations by July 8, 2016, we will take further steps to resolve this matter.

Sincerely,

David C. Deal







§ 504. Remedies for infringement: Damages and profits

(a) In General. — Except as otherwise provided by this title, an infringer of copyright is liable for either —

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) Actual Damages and Profits. — The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c) Statutory Damages. —

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

(3)(A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection.

(C) For purposes of this paragraph, the term "domain name" has the meaning given that term in section 45 of the Act entitled "An Act to provide for the registration and protection of trademarks used in commerce, to carry out the provisions of certain international conventions, and for other purposes" approved July 5, 1946 (commonly referred to as the "Trademark Act of 1946"; 15 U.S.C. 1127).

(d) Additional Damages in Certain Cases. — In any case in which the court finds that a defendant proprietor of an establishment who claims as a defense that its activities were exempt under section 110(5) did not have reasonable grounds to believe that its use of a copyrighted work was exempt under such section, the plaintiff shall be entitled to, in addition to any award of damages under this section, an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such use during the preceding period of up to 3 years.

§ 505. Remedies for infringement: Costs and attorney's fees

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

## Exhibit 2

July 18, 2016

**VIA USPS First Class Mail**

Cool Destinations
Attn: Peter Downie
3301 NE 1st Avenue, H912
Miami, FL 33137

**Re: Infringement of Photographic Copyright by Cool Destinations**

Dear Mr. Downie:

This is a follow up to my original letter of June 8, 2016. As I detailed previously, I represent Blaine Harrington, a professional photographer whose original copyrighted work has been infringed by Cool Destinations.

I contacted Cool Destinations directly in an attempt to recover fair compensation for my client while avoiding costly litigation. Since my original letter, I have not received a response, either from Cool Destinations or your counsel. Accordingly, I have concluded Cool Destinations is not interested in attempting to settle this matter.

Additionally, the photograph involved in this matter was timely registered by my client, preserving statutory damages. Despite my office's clear notification the photograph was unlawfully copied and used without my client's consent, Cool Destinations has failed to remove the infringing photograph. Accordingly, my client will include a claim of willful infringement in addition to statutory damages, which begin at $750.00 per incident.

If Cool Destinations is interested in negotiating a settlement, please contact my office immediately. Otherwise, consider this my final correspondence regarding this matter. My client will exercise his right to file suit in United States District Court if a negotiated settlement is not forthcoming.

Sincerely,

David C. Deal

Exhibit 3

copyright matter

 **David Deal**
To  info

 8/9/2016 10:01 PM

Mr. Downie:

It has been almost two months now since I first mailed a letter detailing my client's claim of copyright infringement. I have yet to receive a response, and therefore have made the assumption your company does not desire to find a solution to the matter short of litigation.

Pleas keep in mind our current offer will expire once we file suit.

Thank you,

David

David C. Deal
The Law Office of David C. Deal, PLC
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.

Exhibit 4

## copyright matter

  **David Deal**
To  info

10/30/2016 8:26 PM  

Mr. Downie:

Since I have not received a response from my letters and emails regarding the copyright matter between Cool Destinations and my client, Blaine Harrington, I assume you are not interested in finding a solution to this matter short of litigation. I believe our current demand is quite reasonable considering the facts of this case. My client is certainly willing to compromise in the interest of not litigating the matter, but that requires your participation.

If we cannot resolve things promptly, I will advise my client to file suit in U.S. District Court to recover damages.

I will look forward to hearing from you.

David

**David C. Deal**
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.

Exhibit 5

copyright matter

 ✉ **David Deal**
To info

11/21/2016 10:30 AM   

Peter:

I am afraid since my office has not received a response concerning our repeated attempts to negotiate a fair settlement for your company's misuse of my client's copyrighted photograph, my client will be forced to file suit in U.S. District Court to recover damages.

Unless my office hears from you promptly, I will initiate the litigation process, at which time out current demand will be withdrawn and not renewed.

David

**David C. Deal**
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.

Exhibit 6

blaine harrington copyright matter

 ✉ **David Deal**
To  support


2/13/2017 2:38 PM

https://www.coolkeywest.com/activity/schooner-western-union-sunset-sail/

David

**David C. Deal**
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.

Exhibit 7

Re: blaine harrington copyright matter



☑ **Customer Support**                                    2/13/2017 2:46 PM   ☰
To  David Deal                                                                            🔖

##- Please type your reply above this line -##

**Support** (Customer Support)
Feb 13, 2:46 PM EST

Thanks David. I'll pass this on to Peter.

Best, Joy

**David Deal**
Feb 13, 2:39 PM EST

https://www.coolkeywest.com/activity/schooner-western-union-sunset-sail/

David

David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the
individual to whom it is addressed. The information may also be legally privileged.
This transmission is sent in trust, for the sole purpose of delivery to the intended
recipient. If you have received this transmission in error, you are hereby notified